UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jin Han,<br><br>                    Plaintiff,<br>     v.<br><br>LG Electronics USA, Inc.,<br><br>                    Defendant, | Index No. 24-cv-10841<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Jin Han ("Plaintiff"), by and through her undersigned counsel, as and for her Complaint in this action against LG Electronics USA, Inc., alleges as follows:

## I.     Introduction

1.     Plaintiff has initiated this action against LG Electronics USA, Inc., (hereinafter "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. Section 2000e *et seq*) and the New Jersey Law Against Discrimination ("NJ LAD" – N.J.S.A. 10:5-2 *et seq*). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## II.     Jurisdiction and Venue

2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

4. Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III.   Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff Jin Han is an adult residing in New York.

7. Plaintiff is a female.

8. Plaintiff began her employment for Defendant on March 27, 2023.

9. Mr. Anthony Ogg was Plaintiff's direct manager, to whom Plaintiff reported.

10. LG Electronics USA, Inc., ("LG USA") is the North American subsidiary of LG Electronics, a global leader in consumer electronics, home appliances, and innovative technology solutions.

11. Defendant conducts business as a corporation in the State of New Jersey, with service of process available at 111 Sylvan Avenue, Englewood Cliffs, NJ 07632.

12. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of its employment with and for the benefit of Defendant.

## IV.   Factual Allegations

13.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.   Plaintiff was subjected to pervasive sexist and inappropriate comments while working for Defendant. For example:

(a)   One of Plaintiff's senior colleagues, Mr. Jae-Sang Lee would tell Plaintiff that (i) when would she get a baby as "women have nothing to gain from working here besides insurance, so have a baby when the insurance is good and leave," (ii) "when important people come from Korea, you need to prepare snacks and drinks according to their preferences and set them up in the hotel beforehand," and (iii) one of the other colleagues "is so moody, as if he's having a period or something."

(b)   Plaintiff's direct manager, Mr. Anthony Ogg would tell Plaintiff that (i) there would be "something fun for you guys" while consistently referring to other team members, including Plaintiff, as "fucking bitch", (ii) he doesn't like Plaintiff and he thinks Plaintiff is annoying but he needs Plaintiff "because [she] is the only organized one in the team [as she's a female]," and (iii) when he tells Plaintiff to come to a meeting, Plaintiff should "just show up with a smile on [her] face."

15.   Plaintiff reported such pervasive, sexist and inappropriate comments within her workplace to her manager, Mr. Ogg, that she could not tolerate. However, Mr. Ogg only responded that she should endure it, as "the work culture at LG USA is not a good environment for women."

16. Mr. Ogg also added that Mr. Jae-Sang Lee's behavior was nothing as he always behaved in that manner. But, later, when Mr. Ogg decided to remove Mr. Jae-Sang Lee, he used the sexual harassment Jae-Sang Lee had committed against Plaintiff as justification.

17. Mr. Ogg assigned Plaintiff to an excessive workload that was either unclear in origin or beyond the scope of Plaintiff's duties. For example:

   (a) Mr. Ogg requested that Plaintiff perform reviews on random technology products, such as Apple Vision, and emphasized the importance of completing the reviews thoroughly because Plaintiff is a UX designer but the reviews never progressed to any meaningful outcomes;

   (b) Mr. Ogg directed Plaintiff to conduct physical reviews of certain LG products, which are not typically within the scope of a UX designer's job duties. Also, the records of these reviews vanished without any follow-ups; and

   (c) Mr. Ogg assigned Plaintiff to start a new project while Plaintiff was already working on an ongoing project. However, whenever Plaintiff began a new project, the ongoing project would inexplicably disappear.

18. Consequently, Plaintiff regularly worked beyond standard business hours, while other team members, including Mr. Ogg, worked approximately six hours per day.

19. When Plaintiff attempted to coordinate her work schedule with Mr. Ogg to improve efficiency, Mr. Ogg responded by accusing her of lacking diligence and seeking preferred assignments solely to build a portfolio for future employment opportunities.

20. Discrimination and/or retaliation against Plaintiff within the workplace exacerbated to the point that she experienced a sudden panic attack during an in-person meeting with Mr. Ogg

and another employee, Mr. Geoff, on May 19, 2024. As Plaintiff abruptly left the room because of her first panic attack, Mr. Ogg commented, "Oh good, I thought you were quitting today."

21. Since the first panic attack, Plaintiff's mental health condition has worsened, and she continues to seek medical assistance through prescribed medication and psychotherapy.

22. Despite Plaintiff's deteriorating health, Mr. Ogg insists that she attend in-person meetings.

23. On March 25, 2024, Plaintiff reported to the Human Resources ("HR") Department the disparate treatment, sexual harassment, and hostile work environment she was experiencing.

24. Talent Management Lead, Paul Fiolek, was appointed to resolve Plaintiff's concerns. However, rather than addressing the matter effectively, Mr. Fiolek disclosed it to Mr. Ogg, further aggravating Plaintiff's situation.

25. After reporting these issues to HR, Plaintiff faced further retaliation, including:

(a) Exclusion from participation in both ongoing and new projects;

(b) Isolation from team activities and everyday workplace conversations;

(c) Removal from company communication channels;

(d) Deliberate delays by Mr. Ogg in approving Plaintiff's business trips, making it exceedingly difficult for her to fulfill her responsibilities; and

(e) An intentionally negative job evaluation given to Plaintiff by Mr. Ogg during LG USA's biannual performance reviews.

26. On June 18, 2024, HR scheduled a pretextual interview, claiming to address Plaintiff's concerns. However, no job description or title was provided for the position she was expected to interview for.

27. On July 3, 2024, Plaintiff sent a resignation email to HR, requesting confirmation of receipt, but HR took no action.

28. As a result of foregoing, Plaintiff filed a Charge of Discrimination with the EEOC on or about November 19, 2024.

29. Plaintiff's EEOC Charges of Discrimination were sent to Defendant LG USA.

30. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and less treated favorably because of her gender and/or in retaliation for her complaints of gender discrimination.

### Count I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [1] Gender Discrimination

31. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

32. Defendant's conduct as alleged at length herein deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as employee because of her gender.

33. During the entire period of Plaintiff's employment, Defendant engaged in discrimination based on gender, treating Plaintiff less favorably than similarly situated employees who were not female, in violation of Title VII of the Civil Rights Act of 1964.

34. Plaintiff would not have been subjected to discriminatory treatment by Defendant but for her gender.

35. Defendant's unlawful employment practices were conducted intentionally, with malice or with reckless indifference to Plaintiff's federally protected rights.

## Count II
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
## [2] Retaliation

36. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

37. Plaintiff consistently complained about the aforesaid discriminatory/retaliatory treatments and commented to Plaintiff's direct manager Mr. Anthony Ogg and Defendant's HR department.

38. In response to Plaintiff's complaint, Defendant failed to address or remedy the ongoing discriminatory and retaliatory conditions, but rather Defendant's upper management and HR department subjected her to increased hostility and animosity, instead of meaningfully investigating Plaintiff's complaints.

## Count III
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
## [3] Hostile Work Environment

39. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

40. The hostile work environment created by Defendant's discriminations, retaliations and disparate treatments perpetrated by Defendant were severe and/or pervasive and violated Plaintiff's right under Title VII.

41. As a direct result of the hostile work environment that existed during Plaintiff's employment with Defendant, Plaintiff sustained conscious pain and suffering, great mental distress, shock, fright and humiliation.

## Count IV
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [4] Constructive Discharge

42. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

43. Defendant deliberately rendered Plaintiff's working conditions intolerable with the intent of forcing Plaintiff to leave her employment.

44. As a result of Defendant's unlawful actions, Plaintiff was constructively discharged from her employment.

## Count V
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
### ([1] Gender Discrimination, [2] Hostile Work Environment; [3] Retaliation; [4] Constructive Discharge)

45. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

46. Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I through COUNT IV of the instant Civil Action Complaint, as such actions constitute identical violations of the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

a. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom(s) of discriminating, retaliating against employees, fostering a hostile work environment, or constructively discharging employees. Defendant shall also be ordered to promulgate and enforce an effective policy against such discrimination, retaliation, hostile work conditions, and constructive discharges, ensuring strict adherence moving forward.

b. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay (absent reinstatement), salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered the aforesaid unlawful actions at the hands of Defendant until the date of verdict;

c. Plaintiff is to be awarded punitive or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

d. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress and pain and suffering);

e. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

f. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: December 2, 2024

                                                /s/ Ryan Kim
                                              Ryan J. Kim

                                              Ryan J. Kim, Esq.
                                              Ryan Kim Law, P.C.
                                              222 Bruce Reynolds Blvd. Suite 490
                                              Fort Lee, NJ 07024
                                              ryan@RyanKimLaw.com